UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,<br><br>Petitioners,<br><br>-against-<br><br>BIONCO BUILDERS CO., INC.,<br><br>Respondent. | 20 CV _____<br><br>**PETITION TO CONFIRM**<br>**ARBITRATION AWARD** |

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds f/k/a the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement between the North Atlantic States Regional Council of Carpenters f/k/a the New England Regional Council of Carpenters ("Union") and Bionco Builders Co., Inc. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.     Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4.     Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds, successors to the Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5.     Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund, successor to the Empire State Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9).  The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6.     Respondent is a corporation incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  Respondent maintains its principal place of business at 22 Riverside Drive, Binghamton, NY 13905.

## THE ARBITRATION AWARD

7. On or about November 8, 2013, Respondent entered into a collective bargaining agreement covering the period of June 1, 2011 through May 31, 2016 ("CBA") with the Union, or a predecessor thereto. A copy of the CBA and Respondent's signature page to the agreement are annexed hereto as **Exhibit A** and **Exhibit B**, respectively.

8. The CBA provides that it shall "remain in effect until May 31, 2016 and shall continue thereafter from year to year, unless either party notifies the other party in writing not less than sixty (60) days prior and not more than ninety (90) days prior to May 31, 2016…or any anniversary date thereafter that either party desires to modify the Agreement." *See* Ex. A, Article 44

9. Neither party has given such notification. Therefore, the CBA remains in full force and effect.

10. The CBA requires Respondent, *inter alia*, to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. *See* Ex. A, Art. 17.

11. The CBA provides that "should [an employer] become delinquent in any of its obligations to any Fund, as set forth in this Agreement, it shall be liable for such penalties and costs as may be provided for by the Trust Agreement, resolution and Collection Policy of the respective Fund(s), including, but not limited to, interest, liquidated damages, and costs of collection including attorney's and accounting fees." *See* Ex. A, Art. 17, Section 5.

12. The CBA further provides, that "the Employer shall be bound by and shall comply with the Trust Agreement, plans and/or rules, policies and regulations of the applicable Funds, including the Funds' Joint Policy for the Collection of Delinquent Contributions ("Collection Policy"), as may be amended from time to time, to the extent not inconsistent with this

Agreement." Ex. A, Art. 17, Section 3.  A copy of the Collection Policy is attached hereto as **Exhibit C**.

13. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the minimum rate of 0.75% per month, compounded.  *See* Ex. C, Art. 2.1.D.

14. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced.  The amount of the liquidated damages shall be 20% of the delinquent Contributions."  *See* Ex. C, Art. 6.1.

15. A dispute arose when, in violation of the CBA, Respondent failed to report and remit all contributions owed to the Funds for the period April through July 2020.  Respondent later reported, but failed to remit contributions, for work performed from April through July 2020 in the amount of $57,169.58.

16. The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator.  Ex. C, Art. 2.3.

17. The Collection Policy further provides that the employer shall be liable for all costs incurred in collecting delinquent contributions, including without limitation, audit costs and arbitration fees. Ex. C, Art. 6.3.

18. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson.  Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail.  A copy of the Notice of Intent to Arbitrate Delinquency is attached hereto as **Exhibit D**.

19. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated August 25, 2020, determining said dispute (the "Award"). A copy of the Award is attached hereto as **Exhibit E**.

20. The arbitrator found that Respondent was in violation of the terms of the CBA and ordered Respondent to pay the Funds the sum of $66,541.99, consisting of delinquent contributions in the amount of $57,169.58, interest of $513, liquidated damages of $7,159.41, attorneys' fees of $900, and the arbitrator's fee of $800 pursuant to the CBA.

21. In September 2020, Respondent submitted contributions for April and May 2020 in the amount of $23,465.10, leaving a balance of $43,076.89 owed on the Award.

22. Respondent has otherwise failed to abide by the Award.

23. The Award has not been vacated or modified and no application for such relief is currently pending.

24. This petition is timely as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

25. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the CBA and the Collection Policy. *See* Ex. A, Art. 17, Section 5, Ex. C, Art 6.2.

26. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are attached hereto as **Exhibit F**.

27. I, Nicole Marimon ("NM" in the accompanying billing records), am a 2014 graduate of Fordham University School of Law, and a partner at V&A. Since graduating law

5

school and being admitted to the New York State bar, I have handled the prosecution of numerous ERISA collections actions.  V&A billed my time at a rate of $350 per hour. *Id.*

28.  V&A billed the legal assistants' time at a rate of $120 per hour for work performed in connection with this action.

29.  In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

30.  V&A's total billings in this matter amount to $887 reflecting 2.6 hours of work. *Id*.

31.  In addition, V&A will also advance $473 in court filing and service fees upon the filing of the instant petition.

32.  Accordingly, Petitioners are entitled to recover $1,360 in attorneys' fees and costs incurred in connection with this matter.

**WHEREFORE,** Petitioners respectfully request that this Court:

1. Confirm the Award in all respects;
2. Award judgment in favor of Petitioners and against Respondent in the amount of $43,076.89.
3. Award judgment in favor of the Petitioners and against Respondent in the amount of $1,360 in attorneys' fees and costs arising out of this petition; and
4. Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York  
September 29, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:  /s/  
Nicole Marimon, Esq.  
40 Broad Street 7th Floor

                New York, New York 10004
                Tel: (212) 943-9080
                Fax: (212) 943-9082
                *Attorneys for Petitioners*